UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **DOUGLAS J. CARPA,** | Civil No. 05-0528 (ADM/JGL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| **W.I. LEBLANC, JR., Warden,** | |
| Respondent. | |

APPEARANCES

Douglas J. Carpa, pro se

Erika Mozangue, Esq., Assistant U.S. Attorney, for Respondent

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter is before the undersigned Chief Magistrate Judge of District Court on Douglas J. Carpa's Federal Petition pursuant to 28 U.S.C. § 2241 for Writ of Habeas Corpus. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1(c).

I.  **INTRODUCTION**

Petitioner Carpa is serving a 121-month sentence at the Federal Medical Center in Rochester, Minnesota ("FMC Rochester") to be followed by thirty-six months of supervised release for conspiracy to commit offenses

against the United States, conspiracy to injure or impede an officer, and influencing or injuring an officer or juror.  (Kinyon Decl. ¶ 3 and Attach. A.)  The Bureau of Prisons ("BOP") has calculated his projected release date as December 19, 2005, after applying his accrued Good Conduct Time credit.  (Id. ¶ 3 and Attach. A.)

On March 1, 2004, Petitioner was advised at a "Program Review" meeting with FMC Rochester staff that the BOP has calculated that he is eligible to serve a maximum 180 days (six months) of his sentence in a community corrections center ("CCC"), what Petitioner refers to as a halfway house.  (Id. ¶¶ 4-5.)  Because Petitioner's projected release date is not until December, no final determination has been made regarding Carpa's transfer to a CCC.  However, FMC Rochester staff anticipates that it will recommend that Petitioner may serve the full 180-days at a CCC, which would mean that his pre-release preparation date will be June 19, 2005 (180 days prior to December 19, 2005).  (Id. ¶ 5 and Attach. B.)  Institution staff merely make a recommendation regarding the length of any CCC placement.  The final decision rests with the Community Corrections Manager's Office, which determines the term of placement according to available bed space and other practical considerations.  (Id. ¶5.)

Relying on Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004), Carpa asserts in his Petition that the BOP intends to illegally detain him at FMC

Rochester beyond his proper release date. (Pet. ¶ 9.) As a purported second ground for relief, Petitioner Carpa contends that Respondent has acted in violation of Executive Order 13107 and unnamed human rights treaties. (Id. ¶ 10.) Petitioner asserts that he is entitled to serve out six months of his sentence in a CCC, to be followed by six months of home confinement. (Id. ¶¶ 9, 10.) For the reasons set forth below, the Court recommends that Carpa's Petition be denied and the case dismissed with prejudice.

## II.   DISCUSSION

Pursuant to 18 U.S.C. § 3621(b), the BOP is empowered to designate the place of an inmate's imprisonment. However, this grant of authority is constricted by 18 U.S.C. § 3624(c), which mandates that the agency "shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community." In December 2002, the BOP instituted a relatively more strict policy that inmates could be released to a CCC only for the last ten percent of their terms, to be capped at six months. As a result, litigation ensued that lead to the Eighth Circuit's decision in Elwood v. Jeter.

Elwood essentially held that "[18 U.S.C.] § 3621(b) gives the BOP the discretion to transfer prisoners to CCCs at any time during their incarceration." Elwood, 386 F.3d at 847. "Further, the BOP is required to place prisoners in 'conditions that will afford them a reasonable opportunity to adjust to and prepare for the prisoner's reentry into the community' during a reasonable part of the last ten percent of the prisoner's term, to the extent practicable . . . . This duty shall not extend beyond the last six months of the prisoner's sentence." Id. (quoting 18 U.S.C. § 3624(c)).

Quite recently, in an apparent effort to reverse the effect of Elwood and other accordant decisions, the BOP issued a new federal regulation that became effective on February 14, 2005. The new regulation imposes the same limitations on CCC placements as the procedural changes that were originally implemented in December 2002; that is, the agency's discretion to place an inmate in a CCC is limited to the last ten percent of the inmate's sentence, not to exceed six months. See 28 C.F.R. § 570.20. The BOP states that Petitioner Carpa's CCC placement will be determined according to the rules set forth in 28 C.F.R. § 570.20. (Kinyon Decl. ¶ 6.) Hence, although the Government asserts that the "BOP has implemented the ruling[] in . . . Elwood" within the Eighth Circuit (Gov't Mem. Supp. Pet. at 4), it appears instead that the BOP is presently following the February 2005 regulation.

The Government contends that under either the previous policy or under the new rules, Petitioner Carpa would be eligible for only 180 days (six months) of his sentence to be served at a CCC.

### A. Whether Carpa's Claims are Appropriately Brought in a Section 2241 Habeas Petition

A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate remedy where an inmate challenges the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). The Eighth Circuit has held, per curium, that "[if] the prisoner is not challenging the validity of his conviction or the length of his detention . . . then a writ of habeas corpus is not the proper remedy." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996). In dismissing a petitioner's claims, the Kruger court noted that "[w]here petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ." Id. Hence, the court found that the district court had erred by reaching the merits of the petition rather than dismissing the petition for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Id.

The Court's own research reveals that some months later, the Eighth Circuit relied on its decision in Kruger to dismiss a habeas petition without prejudice because the petition did not challenge the petitioner's

conviction or sentence.  <u>Pettersen v. Clarke</u>, 1996 U.S. App. LEXIS 8273, * at 2 (8th Cir. Apr. 18, 1996).  Additionally, the Court notes that in April 2004, the Eighth Circuit in <u>Archuleta v. Hedrick</u> raised the "complex and difficult threshold issue[]" of whether a federal inmate may seek habeas corpus relief for a conditions of confinement claim.  365 F.3d 644, 646-67 (8th Cir. 2004).  In raising the issue <u>sua</u> <u>sponte</u>, the court cited <u>Kruger</u> for the proposition that a writ of habeas corpus is not the proper remedy if a state prisoner is not challenging the validity of his conviction or the length of his detention.  <u>Id.</u> at 647 (quoting <u>Kruger</u>, 77 F.3d at 1073).  However, the <u>Archuleta</u> court also cited a 2002 Eighth Circuit case holding that a federal prisoner "may attack the execution of his sentence through § 2241 in the district where he is incarcerated."  <u>Id.</u> (quoting <u>Matheny v.Morrison</u>, 307 F.3d 709, 711 (8th Cir. 2002)).  Unfortunately, the <u>Archuleta</u> court specifically chose to not reach the merits of the issue.  <u>Id.</u>

Because Petitioner Carpa does not attack the computation of his sentence, but, rather, challenges only the location of a period of his confinement, the Government argues that Petitioner's claims are misplaced in a § 2241 petition and should be denied.  However, the Court notes that the very recent case upon which Petitioner relies, <u>Elwood v. Jeter</u>, reversed the denial of a petition for writ of habeas corpus of a federal prisoner wherein the petition challenged only the location of a period of confinement.  386 F.3d at

843. There, the Eighth Circuit in October 2004 mentioned no error in the posture of the petitioner's claims and mentioned no problems with subject matter jurisdiction.[1] Likewise, the Elwood court makes no mention of Kruger, Pettersen, or Archuleta. It does not appear that any party raised the issue of the appropriateness of the vehicle that petitioner Elwood used for his claims. See generally, 386 F.3d 842.

Given the equivocal language used by the 2004 Archuleta court and the 2004 Elmwood court's treatment of the issue, this Court has little choice but to address the Petition itself, rather than following the 1996 Kruger decision by determining that there is no subject matter jurisdiction over the case.

## B.     Exhaustion of Administrative Remedies

Prior to litigation in any federal court by means of a writ of habeas corpus or under a non-habeas complaint, a prisoner must properly exhaust his or her administrative remedies with the BOP. E.g., United States v. Wilson, 503 U.S. 329, 335-37 (1992); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003); United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curium); United States v. Bayless, 940 F.2d 300, 304-305 (8th Cir. 1991); Leighnor v. Turner, 884 F.2d 385, 387-88 (8th Cir. 1989); 42 U.S.C. §

---

[1] The Court notes that the 2004 Archuleta court and the 2004 Elmwood court were comprised of different panels of judges on the Eighth Circuit Court of Appeals.

1997e(a). To that end, the BOP has a three-part administrative remedy program designed to address a federal inmate's concerns regarding any aspect of his or her confinement.  See 28 C.F.R. §§ 542.10-542.19; (Kinyon Decl. § 7.)

The record in the present case reveals that Petitioner Carpa has failed to exhaust his administrative remedies with respect to the CCC placement issue raised in his Petition to this Court.  (Kinyon Decl. ¶ 9 and Attach. C; Pet. ¶ 16 and Ex. 1.)  Although Carpa filed an administrative remedy at the institutional level, which was denied, he has not pursued his remedies through the regional and central agency offices.  (Kinyon ¶ 9 and Attach. C; Pet. ¶ 16 and Ex. 1.)  In other words, Petitioner Carpa failed to appeal the negative response he received from Warden LeBlanc.

Petitioner Carpa explains his failure to exhaust administrative remedies by contending that completing the administrative remedy process would be "clearly ineffective and futile."  (Pet. ¶ 18.)  Petitioner provides no further explanation of his allegation of futility other than to reiterate that Respondent "openly defied the law of the 8th Circuit and disobeyed the lawful commands of E.O. 13107," which is an Executive Order issued by former President Clinton regarding international human rights treaty issues.  (Id.)

The Court finds that Petitioner's failure to exhaust his administrative remedies is not excused.  However, particularly where, as here, the underlying claims are meritless, a court is at liberty to decide a petition on

the merits if the interests of comity and federalism are better served by doing so. See Padavich v. Thalacker, 162 F.3d 521, 522 (8th Cir. 1998) (quoting Thompson v. Mo. Bd. of Parole, 929 F.2d 396, 398 (8th Cir. 1991)). The Court will exercise its prerogative.

### C. Petitioner's Interpretation of Elwood is Misplaced

As explained above, Petitioner Carpa contends that he is should receive six months of placement in a CCC in addition to six months of placement in home confinement, for a total of twelve months of placement outside his current institution. For support, Carpa mentions an Executive Order that is at best tangentially related to his claims, and invokes unnamed international human rights treaties. Because these amorphous human rights assertions are without support, the Court cannot even address their merits. Hence, his Petition should not be granted on this basis.

Primarily, however, Carpa relies on the Eighth Circuit's Elwood decision, discussed above. Because the Court finds that Carpa's interpretation of Elwood is fundamentally erroneous, it recommends that, regardless of whether the BOP applies Elwood or the new regulations, Carpa's Petition is without merit and should be denied.

The Elwood court held that the BOP has the authority and discretion to place an offender in any suitable correctional facility for all or part of the offender's sentence. 386 F.3d at 844, 847. Hence, the court held

that the BOP is not limited by the provisions of 18 U.S.C. § 3624(c), which provide that an offender's CCC placement is limited to the last six months or ten percent of his or her sentence, whichever is less.  Id. 846-47.  Rather, under Elwood, the BOP is obligated only to facilitate an inmate's transition from prison back to society, and is not necessarily obligated to provide CCC placement or to provide such placement only in a last period of confinement.  Id.  To implement its duty to facilitate an inmate's transition, the BOP must formulate a plan of pre-release conditions for inmates.  Id. at 847.  However, crucially for the case at hand, the "duty [to facilitate an inmate's transition] shall not extend beyond the last six months of the prisoner's sentence."  Id.

Here, as discussed above, the BOP has created a pre-release plan for Petitioner Carpa as it is required to do, and has determined that he is eligible for six months of CCC placement.  The agency is under no specific duty to provide Carpa with that six months of CCC placement, and is certainly under no duty to provide Carpa an additional six months of home confinement.  Because Carpa's claims hinge on an asserted right to more than six months of BOP facilitation of transition, his Petition should fail.  Accordingly, the Court recommends that the Petition is meritless and should be denied.

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Douglas J. Carpa's Federal Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 1) should be **DENIED**, and the case **DISMISSED WITH PREJUDICE**.

Dated:  April 21, 2005

   s/ Jonathan Lebedoff
JONATHAN LEBEDOFF
Chief United States Magistrate Judge

Pursuant to D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties by May 10, 2005, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.