UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Douglas J. Carpa,

        Petitioner,

v.

W.I. Le Blanc, Jr., Warden,

        Respondent.

**MEMORANDUM OPINION AND ORDER**
Civil No. 05-0528 ADM/JGL

_____

Douglas J. Carpa, pro se.

Erika Mozangue, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Respondent W.I. Le Blanc, Jr., Warden.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to the Objections of Petitioner Douglas J. Carpa ("Petitioner") [Docket No. 9] to the April 21, 2005 Report and Recommendation ("R&R") of Magistrate Judge Jonathan Lebedoff [Docket No. 8] to dismiss Petitioner's Petition for Writ of Habeas Corpus ("Petition") [Docket No. 1]. In his Petition, Petitioner asserts that the Bureau of Prisons ("BOP") intends to illegally detain him at the Federal Medical Center in Rochester, Minnesota ("FMC Rochester") beyond his proper release date. In support of his Petition, Petitioner relies on Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004), and asserts that Respondent has acted in violation of Executive Order ("EO") 13107 and the ex post facto provisions of multiple international human rights treaties. Petitioner brings his application for habeas corpus relief under 28 U.S.C. § 2241.

The R&R denies Petitioner's Petition for Writ of Habeas Corpus after concluding Petitioner failed to exhaust administrative remedies and misrepresented the holding of Elwood. Since Petitioner filed the instant Petition he has been set for pre-release placement in a community corrections center ("CCC") on June 28, 2005, pursuant to 18 U.S.C. § 3624(c). The full factual and procedural background in this matter is set forth in the R&R and is incorporated by reference for purposes of the present Objections. For the reasons set forth below, the Objections are denied and this Court adopts the R&R's conclusion that Petitioner's failure to exhaust his administrative remedies is not excused.

## II. DISCUSSION

The district court must undertake an independent, de novo, review of those portions of a R&R to which objection is made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.1(c)(2).

Petitioner objects to the R&R on three grounds. Petitioner first objects to the finding that his failure to exhaust administrative remedies is not excused. Second, Petitioner objects to the finding that his interpretation of Elwood is misplaced. Third, Petitioner objects to the finding that his reliance on EO 13107 and various international human rights treaties is meritless.

### A.   Exhaustion of Administrative Remedies

Petitioner objects to the R&R's finding that his failure to exhaust administrative remedies is not excused. The R&R correctly states that a prisoner must properly exhaust his or her administrative remedies with the BOP before submitting a petition for writ of habeas corpus to a federal court. R&R at 7; see also United States v. Wilson, 503 U.S. 329, 335-37 (1992); Johnson v. Jones, 340 F.3d

624, 627 (8th Cir. 2003); Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974); 42 U.S.C. § 1997e(a).  In light of this requirement, the BOP offers a three-part administrative remedy program designed to address a federal inmate's concerns regarding any aspect of his confinement.  See 28 C.F.R. §§ 542.10-542.19; Kinyon Decl. [Docket No. 5] ¶¶ 7-8.

In the instant case, Petitioner has failed to exhaust his administrative remedies with respect to the CCC placement and/or home confinement issue raised in his Petition to this Court.  Kinyon Decl. ¶ 9 and Attach. C; Pet. ¶ 16 and Ex. 1.  While Carpa did file a Request For Administrative Remedy at the institutional level, which was denied, he failed to pursue his remedies through the regional and central agency offices.  Kinyon Decl. ¶ 9 and Attach. C; Pet. ¶ 16 and Ex. 1.  Thus, Carpa has only taken advantage of the first of three parts in the administrative framework established by the BOP.

Petitioner attempts to explain his failure to exhaust administrative remedies by contending that completing the full process would be "clearly ineffective and futile."  (Pet. ¶ 18.)  While offering no legal support for his allegation of futility, Petitioner asserts that Respondent "openly defied the law of the 8th Circuit and disobeyed the lawful commands of E.O. 13107," which is an EO issued by President Clinton regarding international human rights treaties.  (Id.)  The R&R correctly dismisses these arguments and holds that Petitioner's failure to exhaust administrative remedies is not excused.  R&R at 8.  See Beharry v. Ashcroft, 329 F.3d 51, 62 (2nd Cir. 2003) ("That [Petitioner]'s argument would likely have failed is not tantamount to stating that it would have been futile to raise it; and indeed, many of the purposes for requiring exhaustion would have been served had [Petitioner] raised his claim below.").

This Court chooses not to exercise its prerogative to look past Petitioner's failure to exhaust his administrative remedies by reaching the merits of this case. The exhaustion requirement serves several policy aims, such as reducing the quantity and improving the quality of prisoner suits, permitting agencies to exercise discretion and apply their expertise, and allowing development of the administrative record before trial. See Johnson v. Jones, 340 F.3d at 626-27; Blackmon v. Springfield R-XII School District, 198 F.3d 648, 656 (8th Cir. 1999). The Eighth Circuit has stated that "the extraordinary nature of the writ requires [that it] should not be resorted to until other more conventional remedies have failed." Willis, 506 F.2d at 1015. With these considerations in mind, the Petition must be dismissed.

**B.        Applicability of Elwood, EO 13107 and International Human Rights Treaties**

Petitioner objects to the finding that his interpretation of Elwood is misplaced and that his reliance on EO 13107 and various international human rights treaties is without merit. In light of Petitioner's failure to exhaust administrative remedies provided by the BOP, it is unnecessary for the Court to reach the merits of Petitioner's claims.

For the aforementioned reasons, Petitioner's Objections are denied and the R&R is adopted insofar as it dismisses Petitioner's Petition for failing to exhaust administrative remedies.

## III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Judge Lebedoff's R&R [Docket No. 8] is **ADOPTED** insofar as it dismisses Petitioner's Petition for failing to exhaust administrative remedies;

2. Petitioner's Objections [Docket No. 9] are **DENIED**; and

3. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is summarily **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


  s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 7, 2005.